IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. MILLER, | ) | CASE NO. 1:07 CV 3047 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, James A. Miller, for disability insurance benefits and supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Miller had severe impairments consisting of post traumatic stress disorder; depressive disorder, not otherwise specified; borderline personality disorder; lumbar spinal stenosis; hypertension; type II diabetes mellitus; and polysubstance abuse, including alcohol, cannabis, and cocaine, in remission.[1]  The ALJ made the following finding regarding Miller's residual functional capacity:

---

[1] Transcript ("Tr.") at 29.

> The claimant has the residual functional capacity to perform the exertional requirements of work that does not require him to lift, carry, push or pull more than 50 pounds occasionally and more than 25 pounds frequently.  He can sit, stand and walk at least six hours each during the course of an eight-hour workday.  From the nonexertional standpoint, the claimant is limited to simple, low stress work.  [2]

The ALJ determined that the above-quoted residual functional capacity did not preclude Miller from performing his past relevant work as an office cleaner and as a maintenance man in a fast food establishment.[3]  He, therefore, found Miller not under a disability.[4]

Miller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  As more fully discussed below, some controversy exists regarding the issues properly presented for judicial review.  It is not disputed, however, that Miller challenges the residual functional capacity finding, arguing that the finding should have incorporated greater limitations caused by his mental impairments.

I conclude that the ALJ's residual functional capacity finding does not have the support of substantial evidence because the ALJ ignored the only medical source opinion in the transcript addressing the mental limitations caused by Miller's multiple mental impairments.  The case, therefore, must be remanded for further proceedings.

---

[2] *Id.* at 30.

[3] *Id.*

[4] *Id.*

## Analysis

### 1.    The issues properly submitted for judicial review

Miller's brief does not contain a clear statement of the issues presented for judicial review.[5]  At the oral argument, I asked counsel for Miller to identify the issues.[6]  Counsel identified three issues:

- The ALJ should not have decided the case at step four of the sequential evaluation process but rather should have proceeded to step five and found that Miller had gridded out.[7]

- The ALJ should have considered the finding of total disability made by the Veterans Administration.[8]

- The ALJ should have included additional nonexertional limitations in the residual functional capacity finding to compensate for Miller's mental impairments and should have had a vocational expert testify about past relevant work.[9]

In the exchange that followed, it became apparent that the thrust of Miller's argument regarding step four and step five was that the ALJ should have included greater exertional limitations in the residual functional capacity finding.[10]  Counsel for the Commissioner objected on the ground that Miller's brief did not challenge the exertional limitations in the

---

[5] ECF # 16.

[6] Transcript of the oral argument of October 1, 2008 ("10/1/08 Tr.") at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 10-11.

residual functional capacity finding.  Miller's counsel admitted that his brief primarily focused on mental limitations.[11]

Similarly, counsel for the Commissioner objected to the argument regarding the VA's disability finding because it was first raised in the reply brief.[12]  In response to my questioning, counsel for Miller admitted that the transcript does not contain the VA's disability finding.[13]  No basis existed, therefore, for the ALJ to evaluate that finding.[14]

I conclude that the Commissioner's objection to the issues regarding exertional limitations in the residual functional capacity finding and to the ALJ's treatment of the VA's disability decision are well taken.  With respect to the issue regarding exertional limitations, it was not meaningfully raised until the oral argument.  The Commissioner did not have a full and fair opportunity to address it, and the issue is not properly before the Court.  Regarding the VA's disability decision, Miller testified at the hearing before the ALJ that the VA had found him disabled.[15]  Although such a determination is not binding on the Commissioner, the ALJ should normally consider it in making the disability decision.[16]  Here, however, the VA's disability decision is not in the transcript and, therefore, the ALJ could not know the

---

[11] *Id.* at 12.

[12] *Id.* at 8.

[13] *Id.* at 5.

[14] *Id.* at 5-6.

[15] Tr. at 971.

[16] *E.g.*, *Loza v. Apfel*, 219 F.3d 378, 394-95 (5th Cir. 2000).

-4-

basis for the VA's decision.  Without this vital documentation, the ALJ did not err by giving that decision no weight.

What the briefs do fairly place at issue before me is the residual functional capacity finding as to mental limitations, which I will proceed to discuss below.

**2.      The mental limitations in the residual functional capacity finding**

Although the ALJ found that Miller had severe mental impairments consisting of post traumatic stress disorder, depressive disorder, and borderline personality disorder,[17] he incorporated only minimal limitations in the residual functional capacity finding to accommodate these impairments – a limitation to simple, low stress work.[18]  With respect to such limitations, the record contains only one assessment that can be considered a true residual functional capacity evaluation – the assessment done by the state agency reviewing psychologists, Caroline Lewin, Ph.D. and Mel Zwissler, Ph.D., in March and April of 2002.[19]

The state agency functional capacity assessment identified Miller's mental impairments as affective disorders, anxiety-related disorders, personality disorders, and substance addiction disorders.[20]  Additionally, the reviewing psychologists concluded that Miller had major depressive disorder, recurrent.[21]  In terms of functional limitations, the

---

[17] Tr. at 29.

[18] *Id.* at 30.

[19] *Id.* at 366-81.

[20] *Id.* at 366.

[21] *Id.* at 369.

psychologists rated Miller moderately limited in restrictions on activities of daily living and in difficulties maintaining social functioning.[22]  They noted one or two episodes of decompensation, each of extended duration.[23]

As for the mental residual functional capacity assessment, they found Miller moderately limited in the ability to complete a normal workday and workweek without interruption, moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors, moderately limited in the ability to respond appropriately to changes in the work setting, and moderately limited in the ability to set realistic goals or make plans independently of others.[24]

In terms of work-related limitations, they recommended "simple, low stress work; no conflict resolution; limited supervision so that he can work at his own pace; and no meeting of strict production quotas."[25]

In the extensive review of Miller's medical records in the ALJ's decision, he makes no reference whatsoever to the state agency psychologists' assessment.  As noted above, the state agency reviewing psychologists opined that Miller had mental limitations beyond those incorporated into the ALJ's residual functional capacity assessment.[26]  From the ALJ's

---

[22] *Id.* at 376.

[23] *Id.*

[24] *Id.* at 380.

[25] *Id.* at 381.

[26] Compare Tr. at 30 with Tr. at 381.

-6-

decision, it appears that the ALJ did not consider the limitations recommended by the only medical sources offering a residual functional capacity assessment – the state agency reviewing psychologists.

As I recently observed in *Deskin v. Commissioner of Social Security*,[27] an ALJ cannot totally ignore residual capacity opinions of medical sources or proceed to translate impairments into work-related limitations without such opinions:

> Critical to this residual functional capacity finding are residual functional capacity opinions offered by medical sources such as treating physicians, consulting examining physicians, medical experts who testify at hearings before the ALJ and state agency physicians who reviewed the claimant's medical records.  In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.[28]

Here, the ALJ did precisely that which the *Deskin* opinion cautions he must not do – interpret raw medical data in functional terms without the assistance of medical source opinions.  The ALJ had available in the transcript a functional capacity assessment from the state agency psychologists, which he ignored.  The mental limitations in the residual functional capacity finding are less than those recommended by the state agency psychologists.  This case must be remanded for reconsideration of the residual functional capacity finding, giving due consideration to the medical source opinion in the transcript and,

---

[27] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).

[28] *Id.* at 911-12.

if appropriate, the testimony of a medical expert to the extent that the transcript contains substantial, additional medical data generated after the 2002 assessment.[29]

## Conclusion

Based on the foregoing, the decision of the Commissioner denying Miller's applications for disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding with the assistance of appropriate medical source opinions as to Miller's work-related limitations.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[30] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated:   September 25, 2009                          s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

---

[29] If on reconsideration the ALJ incorporates additional mental limitations into the residual functional capacity finding, then it may be necessary to obtain vocational expert testimony about whether Miller can perform his past relevant work.

[30] 28 U.S.C. § 2412(d)(1)(A).

-8-